**COMMONWEALTH OF KENTUCKY**
**JEFFERSON CIRCUIT COURT**
**CIVIL ACTION NO. 24-CI-002958**
*ELECTRONICALLY FILED*

DINA LEVY, CURATOR FOR KRISTEN LEVY            PLAINTIFF

V.            **ANSWER**

GREIF, INC.            DEFENDANT

***** ***** *****

Comes now the Defendant, Greif, Inc., by and through counsel, and for its Answer to Plaintiff's Complaint, states as follows:

## FIRST DEFENSE

That Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted.

## SECOND DEFENSE

1. That at this time, this Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in numerical paragraphs 1, 4, 6 and 10 of Plaintiff's Complaint and, therefore, said allegations are denied.

2. That this Defendant denies the allegations set forth within numerical paragraphs 5, 8 and 9 of Plaintiff's Complaint.

3. That this Defendant admits the allegations set forth within numerical paragraphs 2 and 7 of Plaintiff's Complaint.

4. With respect to numerical paragraphs 3, 12, 13, 14, 15, 16, 17, 18, 19 and 20 of the Plaintiff's Complaint these paragraphs require and/or request a legal opinion and/or conclusion which these Defendants is not legally obligated to render and therefore denies the same.

5. The allegations contained in numerical paragraph 11 of the Plaintiff's Complaint do not require a response by this Defendant, but to the extent a response is necessary, the Defendant reiterates and incorporates by reference all previous defenses as if fully stated herein.

6. That this Defendant specifically denies each and every remaining allegation contained in Plaintiff's Complaint which is not heretofore admitted.

### THIRD DEFENSE

That all the injuries and damages alleged by Plaintiff in the Complaint, if any there were, which is specifically denied, were caused and brought about by Plaintiff's own negligence which was a substantial factor in bringing about said alleged injuries and damages, and but for said contributory negligence, said injuries and damages, if any, would not and could not have occurred. This Defendant relies upon said contributory negligence on the part of Plaintiff as a complete bar to all claims in the above-styled action, or in the alternative, to reduce the amount of damages, if any, in an amount and percentage of Plaintiff's own contributory fault.

### FOURTH DEFENSE

That all of the injuries and damages alleged by Plaintiff in the Complaint, if any there were, which is specifically denied, were caused and brought about by the conduct of some third-party and/or parties which was a substantial factor in bringing about said alleged injuries and damages, and but for said third party and/or parties, said injuries and damages, if any, would not and could not have occurred and, therefore, this Defendant is without fault and relies upon same as a complete bar to all claims asserted by Plaintiff in the Complaint.

### FIFTH DEFENSE

That all of the injuries and damages alleged by Plaintiff in the Complaint, if any there were, which is specifically denied, were caused and brought about by either a prior or subsequent

intervening and superseding cause for which this Defendant had absolutely no responsibility or control over, by unavoidable accident, or otherwise were substantially brought about by a cause or party not under the control of this Defendant and, therefore, this Defendant is without fault and relies upon same as a complete bar to all claims asserted by the Plaintiff in the Complaint.

### SIXTH DEFENSE

That all the injuries and damages alleged by Plaintiff in the Complaint, if any there were, which is specifically denied, were brought about by a pre-existing condition or conditions over which this Defendant had absolutely no responsibility or control over and, therefore, this Defendant is without fault and relies upon same as a complete bar to all claims asserted by Plaintiff in the Complaint.

### SEVENTH DEFENSE

That Plaintiff has failed to mitigate her damages, if any there were, which is specifically denied.

### EIGHTH DEFENSE

That Plaintiff's Complaint must be dismissed for Plaintiff's failure to meet the threshold requirements of the Kentucky No-Fault Act, KRS 304.39 *et seq.*

### NINTH DEFENSE

That all or part of Plaintiff's claims as alleged in the Complaint have been abolished by the Kentucky No-Fault Act, KRS 304.39 *et seq.* and therefore, Plaintiff's claims to recover for those damages paid or payable under said No-Fault Act do not state a claim upon which relief can be granted against this Defendant.

WHEREFORE, the Defendant, Greif, Inc., by and through counsel, respectfully demands the following relief:

1. That Plaintiff's Complaint be dismissed and held for naught;

2. For a trial by jury;

3. For his costs herein expended; and

4. For any and all other relief to which he may appear properly entitled.

Respectfully submitted,

**WARD, HOCKER & THORNTON, PLLC**

333 W. Vine Street, Ste. 1100
Lexington, KY 40507
Telephone: (859) 422-6000
Fax: (859) 422-6001

By: */s/ Jillian D. House*
GREGG E. THORNTON
JILLIAN D. HOUSE
*Counsel for Greif, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via electronic mail upon the following:

Michael J. Fuller, Jr.
Farrell Fuller Law
270 Munoz Rivera Ave., Ste. 201
San Juan, PR 00918
*Counsel for Plaintiff*

Jefferson Circuit Court
Civil Circuit Division
Office of Circuit Court Clerk
Jefferson County Judicial Center
Room 309
700 W. Jefferson St.
Louisville, KY 40202

All on this the 13th day of June, 2024.

*/s/ Jillian D. House*
GREGG E. THORNTON
JILLIAN D. HOUSE
4886-1070-7655, V. 1