UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:24-CV-354-GNS

**DINA LEVY,**                                                                                                                       **PLAINTIFF**
*as Curator for Kristen Levy*

**VS.**

**GREIF INC.,** *et. al*                                                                                                          **DEFENDANTS**

### REPORT AND RECOMMENDATION

Before the Court is Defendants Greif Inc. and Greif Packaging, LLC (collectively, "the Greif Defendants") Motion for Contempt and Sanctions against Defendant[1] MTL Trucking, Inc. (collectively, "MTL Trucking"). (DN 69).  The motion is unopposed and ripe for consideration. This matter has been referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) for resolution of all non-dispositive matters, including discovery issues. (DN 7).

### I. Findings of Fact

On April 26, 2024, Levy brought this personal injury action in Jefferson Circuit Court, Jefferson County, Kentucky against the Greif Defendants and a slew of other defendants. (DN 1-1). On June 13, 2024, this matter was removed to the United States District Court for the Western District of Kentucky. (DN 1). Levy claims that, on May 1, 2023, she was driving a vehicle carrying paper rolls. (*Id*., at PageID # 6). The paper rolls were allegedly loaded into her trailer at a Greif facility by a Greif employee on April 30, 2023. (*Id*.). While merging from I-64 to I-246, Levy alleges that "the paper rolls in the trailer came out of their casing," causing the truck to become

---

[1] When the motion was filed, MTL Trucking, Inc. was a third party. (*See* DN 69). It is now a named party to the case. (*See* DN 75).

imbalanced. Allegedly, this imbalance caused the truck and trailer to "strike a guardrail and overturn onto its side." (*Id*.).

Levy was ejected from the truck. (*Id*.). As a result of the incident, Levy claims she "sustained multiple broken bones, underwent amputation of her upper right extremity, and [underwent] several other surgeries to treat injuries sustained as a result of this accident." (*Id*.). She asserts claims of negligence, negligent hiring, training, and supervision against the Greif Defendants. (*Id*. at PageID # 7-8).

The Greif Defendants believe MTL Trucking, who was not named as a party in the original complaint, is the owner of the vehicle Levy was operating at the time of the incident. (DN 57, at PageID # 215). As such, the Greif Defendants prepared an attorney-issued subpoena for information and documents regarding the relationship between Levy and MTL Trucking. (*Id*., *citing* DN 57-1). Jillian House, an attorney for the Greif Defendants, certified that a notice of the subpoena was served on each party on September 16, 2024. (DN 57-1, at PageID # 219). Levy did not file an objection. Four days later, service was completed on MTL Trucking when "Stan Krstic," who the Greif Defendants identified as a registered agent of MTL Trucking, signed for the delivery. (DN 57, at PageID # 216, *citing* DN 57-2 (showing the certified mail was addressed to MTL Trucking, Inc. Attn: Stan Krstic, 22472 Miller Road, Stegar, IL 60475, although the signature and printed name the recipient signed on delivery is illegible). MTL Trucking did not respond or file an objection to the subpoena. (*See Id*. at PageID # 216).

After hearing nothing from MTL Trucking, the Greif Defendants filed a motion to enforce the subpoena. (*Id*.). Because the Greif Defendants appeared to comply with Federal Rule of Civil Procedure ("Rule") 45 to compel MTL Trucking to produce information, the undersigned granted the motion and ordered MTL Trucking to respond to the Greif Defendants' subpoena within

2

twenty-one days of issuance of the order. (DN 60). The undersigned warned that MTL Trucking's failure to do so "could result in contempt proceedings pursuant to Fed. R. Civ. P. 45(g)." (*Id.*). The Greif Defendants represent that they sent the orders to MTL Trucking on December 5, 2024 (DN 69-1) and to MTL Trucking's agent on January 29, 2025. (DN 69-2). Nevertheless, MTL Trucking did not file a response or objection to the subpoena. (*See* DN 69).

On February 13, 2025, the Greif Defendants filed a motion for contempt and to impose sanctions pursuant to Rule 37.[2] (*Id.*). Levy did not oppose the motion. In the motion, the Greif Defendants requested that the Court hold MTL Trucking in contempt and require them to produce their file within 10 days from entry of the Court's Order. (*Id.*).

In an effort to avoid the serious implications of holding MTL Trucking in contempt, the undersigned ordered MTL Trucking to appear before the Court to show cause as to why it should not be held in contempt for failing to obey a court Order. (DN 71). Again, MTL Trucking was warned that failure to appear could result in a finding of contempt. (*Id.*). The order was sent to the same MTL Trucking address used for the issuance of the subpoena.

The show cause hearing was held on April 21, 2025. The Court waited nearly thirty minutes for MTL Trucking to arrive, but MTL Trucking never appeared. All the other parties attended the hearing and reported that they had not heard from MTL Trucking since the Greif Defendants issued the subpoena.

During the hearing, the Greif Defendants reported that they are not certain of the identity of the person who signed the subpoena, although it was addressed to Krstic and signed by someone at the intended address. Additionally, the Greif Defendants stated that they were considering filing

---

[2] In their motion, the Greif Defendants cite to Federal Rule of Civil Procedure 37.02. (*See* DN 69). However, that rule no longer exists. The Court therefore construes the Greif Defendants' citation to Rule 37.02 as a citation to Rule 37, which includes the language the Greif Defendants quote in their motion. (*Compare* DN 69, at PageID # 253 *with* Fed. R. Civ. P. 37).

3

a motion to add MTL Trucking as an additional party. They sought leave to do so on April 26, 2025. (DN 73). The Court granted this request. (DN 74).

On April 29, 2025, the Court entered an order which gave one last chance for MTL Trucking to respond to the Greif Defendant's subpoena by May 12, 2025. (*Id*.). The Court could not find clear and convincing evidence that MTL Trucking had knowledge of the Order compelling its response because it could not sufficiently confirm that the copies of the orders were received by MTL Trucking. (*Id*., at PageID # 280). The undersigned was concerned that Goran Kostic should have been listed as the addressee, not Stan Krstic, because Goran Kostic is the name listed on MTL Trucking's business registration. (*Id*.). As a result, the Court found it necessary to send a copy of the Order via certified mail to MTL Trucking with attention to Goran Kostic, MTL Trucking's registered agent, before taking the extreme measure of imposing sanctions on MTL Trucking. (*Id*.). The Court instructed the Clerk of the Court to send a copy of the Order via certified mail to the address listed for Goran Kostic. (*Id*.). The Court stated that it would find MTL Trucking in contempt of court if MTL Trucking failed to comply with the April 29, 2025 Order. (*Id*.).

On April 30, 2025, Levy filed an amended complaint, which added MTL Trucking as defendants to the case. (DN 76). The Greif Defendants filed a Crossclaim against MTL Trucking. (DN 81).

On May 16, 2025, a notice of return receipt of certified mail to Goran Kostic was filed. (DN 83). On May 21, 2025, service of summons on MTL Trucking was filed with the Court, stating that it was executed on May 19, 2025. (DN 84).

All parties aside from MTL Trucking filed a Joint Status Report on May 30, 2025, which stated that none of the parties had heard from MTL Trucking. (DN 85).

II. Standard of Review

Under Federal Rule of Civil Procedure 37, "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Further just orders may include exclusion of evidence, striking of pleadings, and dismissal of the action. *Id*. The Court may also "treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." *Id*. This is reiterated in Federal Rule of Civil Procedure 45, which states that the Court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Contempt is a serious matter which should be exercised with caution. *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 799 (6th Cir. 2017) (citations omitted). Courts should use "[t]he least possible power adequate to the end proposed." *Wilson*, 421 U.S. at 319 (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat.) 204, 231 (1821)). "Contempt is a measure of last resort." *Gascho*, 875 F.3d at 799-800 (citing *Young v. United States*, 481 U.S. 787, 801 (1987)).

A party seeking civil contempt sanctions must "demonstrate by clear and convincing evidence that the opposing party knowingly 'violated a definite and specific order of the court.'" *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). To satisfy this requirement, three elements must be met through clear and convincing evidence: (1) a "definite and specific order of the court" required the person to "perform or refrain from performing particular acts;" (2) the person had "knowledge of the court's order;" and (3) the person violated that order. *Cincinnati Bronze*, 829 F.2d at 591; *see NLRB v. Bannum, Inc.*, 93 F.4th 973, 979 (6th Cir. 2024).

III. Conclusions of Law

The Greif Defendants request that the Court impose sanctions on MTL Trucking. Specifically, the Greif Defendants request that the Court issue an order holding MTL Trucking in contempt of Court and requiring MTL Trucking to produce its file within ten days of the entry of the Order. (DN 69). The Greif Defendants argue that they suffer prejudice without MTL Trucking's file because the Greif Defendants believe it will contain information which could add another party to the case[3] and which will be "relevant to Ms. Levy's employment history and whether she was working as an independent contractor at the time of the accident." (*Id.*, at PageID # 254). The Greif Defendants also believe the file will contain information on Levy's background, training, and retention. (*Id.*). No party filed a response.

Despite many chances to comply with the Court's Order, MTL Trucking's remains mum. The Court's December 5, 2024 Order required MTL Trucking to responds to the Greif Defendants' subpoena duces tecum within twenty-one days of the issuance of the Order. (DN 60). When MTL Trucking failed to comply, the undersigned entered an Order for MTL Trucking to appear before the Court to show cause as to why it should not be held in contempt. (DN 71). The Order was clear in requiring MTL Trucking to appear before the Court on April 21, 2025 at 10:00 AM. (*Id.*). Both Orders were sent to MTL Trucking's registered business address. (*See* DNs 69-1, 71).

MTL Trucking did not appear at the show cause hearing. Yet the Court gave MTL Trucking one more chance to comply after the undersigned found that the registered agent was listed under a different name than what appeared on the Orders. (DN 74). On April 29, 2025, the Court issued an Order for MTL Trucking to respond to the Greif Defendants' Subpoena by May 12, 2025. (*Id.*). On May 9, 2025, a copy of this Order was served via certified mail to Goran Kostic, the registered

---

[3] Presumably, the Greif Defendants meant that the file may implicate MTL Trucking, who is now a defendant to the case. (*See* DNs 74, 81).

6

agent of MTL Trucking, at MTL Trucking's registered address, although the signature and printed name on the receipt were illegible. (DN 75, *see* DN 83). Additionally, on May 19, 2025, William J. Mercer signed a proof of service stating that he served the summons on Goran Kostic at the registered address. (DN 84). On May 30, 2025, the other parties filed a Joint Status Report stating that they still had not received any word from MTL Trucking. (*See* DN 85).

At this point, the undersigned is satisfied that the elements of contempt have been demonstrated through clear and convincing evidence, including the requirement that MTL Trucking had knowledge of the court Order. While the return receipt of the Order included an illegible signature and printed name (*see* DN 83), the Court nevertheless believes clear and convincing evidence exists supporting that Goran Kostic had knowledge of the Order, especially since he was served summons at the same address just ten days later. (*See* DN 84). The undersigned believes this complete refusal to cooperate with Court Orders leaves the Court no choice but to find MTL Trucking in contempt of Court. The undersigned recommends the Court find MTL Trucking violated Court Orders and, through its absence at the show cause hearing, failed to show cause as to why it should not be held in contempt of Court.

Next, the Court must consider appropriate sanctions for MTL Trucking's failure to comply with Court Orders. The Greif Defendants request that the Court impose sanctions pursuant to Rule 37, requiring MTL Trucking to produce its file within ten days of the entry of the Order. (DN 69). The undersigned agrees that MTL Trucking should be ordered to produce its file within ten days of the entry of the Court's Order. But the Court already ordered MTL Trucking to make this production on at least two separate occasions. (*See* DNs 60, 74). The undersigned is not convinced that simply repeating these instructions would provide sufficient motivation. Instead, the undersigned recommends that the Court sanction MTL Trucking to all costs and attorney fees

7

incurred by the parties due to the Motion to Compel, Motion for Contempt, and the show cause hearing.

## IV. Recommendation

The undersigned hereby **RECOMMENDS** that the Court issue an Order granting the Greif Defendants' Motion for Contempt (DN 69), including the following:

(1) finding Defendant MTL Trucking, Inc. in civil contempt of Court pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vii);

(2) ordering MTL Trucking, Inc. to produce their file within ten days from the entry of the Order;

(3) sanctioning Defendant MTL Trucking, Inc. to pay all costs and attorney fees incurred by all other parties related to the Motion to Compel, the Motion for Contempt, and the show cause hearing;

(4) instructing the Greif Defendants' counsel to submit their costs and attorney fees within ten days of the Order; and

(5) ordering Defendant MTL Trucking, Inc. to remit payment within thirty days thereafter.

## NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:   Counsel of Record

           Goran Kostic
           MTL Trucking, Inc.
           22472 Miller Road
           Steger, IL 60475